MEMORANDUM **
Lolita Schagene (“Schagene”) filed a Title VII hostile work environment claim against her former employer Fiddler’s Cove Marina, a recreational vehicle park at the Naval Base Coronado (“the Navy”). During a 2015 jury trial, the district court admitted evidence about Schagene’s 1997-1998 mental health history and the 1997 loss of custody of her children. Before the trial, Schagene filed motions in limine. Motion in Limine #1 moved in part to “preclude any evidence about Plaintiffs conviction or the charges that led to her conviction.” The district court granted this part of the Motion, ruling: “At trial, the parties are precluded from introducing any evidence of the 1997-1998 charges, confinement, competency determination, or treatment without first obtaining leave of Court.” The second part moved to preclude “any evidence” about her mental health state in 1997-1998. The district court denied this part of the motion without prejudice - and directed Schagene “to object to specific questions or testimony at trial.”
At trial, the- Navy’s expert witness, Dr. Mark Kalish, testified to his factual findings and opinions about Schagene’s mental health based in pertinent part on his review of her mental health records from the two doctors who treated her in 1997-1998, Dr. David DeFrancesco and Dr. James Shaddock. Dr. Kalish’s testimony relayed specific facts from these records to the jury, including about Schagene’s hospitalization, diagnoses, medications, and the symptoms she described'. The district court also permitted the Navy to cross-examine Schagene’s witness, her psychologist starting in May 2012, on the fact that Schagene had talked with him on several occasions about the loss of custody of her children, a loss that Dr. Kalish’s report noted followed Schagene’s 1997 arrest.
Schagene appealed the district court’s admission of this evidence in light of the district court’s ruling on. her motion in limine and its overly prejudicial effect. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
1. We review for abuse of discretion a district court’s decision to admit or deny evidence based on the balance of its probative value relative to its potential for unfair prejudice. United States v. Sepulveda-Barraza, 645 F.3d 1066, 1070 (9th Cir. 2011). A district court’s ruling on a party’s motion in limine constitutes such a decision. Id. In the event of an error, we presume prejudice unless the error “more probably than not” left the verdict untainted. Obrey v. Johnson, 400 F.3d 691, 699-700 (9th Cir. *673 2005) (citing Haddad v. Lockheed Cal. Corp., 720 F.2d 1454, 1459 (9th Cir. 1983)). Once we find error, the party who benefits from the error must prove no harm, or else suffer reversal. Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 464-65 (9th Cir. 2014) (en banc). The district court ruled on Sehagene’s Motion in Limine #1, so we review this decision for abuse of discretion. See Sepulveda-Barraza, 645 F.3d at 1070.
2. The district court precluded the parties from introducing “any evidence” of Schagene’s “1997-1998 charges, confinement, competency determination, or treatment” and denied without prejudice her motion to preclude the admission of “any evidence” regarding her “mental health state in 1997-1998.” However, these categories of evidence overlap, at least in part. The only “confinement” that Schagene experienced in 1997-1998 was her hospitalization. Similarly, the only “treatment” Schagene received related to her 1997 charges involved the mental health treatment she received from Dr. DeFrancesco and Dr. Shaddock in 1997-1998. The ruling therefore excluded evidence from the mental health records of her treatment during this time, including her diagnoses, medication, and symptoms. The district court accordingly erred in allowing Dr. Kalish to offer this evidence in his testimony without requiring leave of the court, per its ruling.
3. By the same logic, the district court erred in permitting the Navy to cross-examine Dr. Lazar about Schagene’s loss of custody of her children following her 1997 arrest, as this evinces her “competency” in 1997-1998.
4. In granting the motion in limine, the district court necessarily found that the danger of unfair prejudice that would result from the admission of evidence about Schagene’s confinement, competency, and treatment would substantially outweigh its probative value. We agree. Evidence showing that a delusional illness like schizophrenia impairs a witness’s ability to perceive and tell the truth may be used to impeach that witness properly. See Gonzalez v. Wong, 667 F.3d 965, 983 (9th Cir. 2011). But this is true only to the extent that such a mental defect manifests during the timeframe of the events alleged. See id. Since the events in question occurred between 2004 and early 2011 at the latest, testimony about Schagene’s mental health diagnoses, medication, and symptoms in 1997-1998 could not show that it was any more or less probable that Schagene could accurately perceive and tell the truth during the timeframe of the events alleged. The high risk of prejudice resulting from this testimony thus substantially outweighs the probative nature of the evidence, and the district court erred in permitting this evidence.
5. Finally, Schagene lost custody of her children in 1997 following her arrest, some seven years prior to her work for the Navy and up to fourteen years before the last of the incidents she alleged as the basis for her hostile work environment claim. The timeline and testimony by Dr. Lazar do not speak to the loss of custody as a present-day stressor. Further, evidence of a mother losing her children through a court process leaves an indelible stamp of another court’s decision on her. Because the evidence presented a high risk of unfair prejudice to Schagene that the fact’s value cannot cure, the district court erred in permitting its inclusion.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.